IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRELL WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-917-NJR-DGW |
| | ) |
| LOUIS SHICKER, DR. COE, | ) |
| PHIL MARTIN, WEXFORD HEALTH | ) |
| SOURCES, DR. GARCIA, and | ) |
| DR. RITZ, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 58) regarding the motions for summary judgment filed by Defendants Louis Shicker, Phil Martin, Dr. Garcia, Dr. Ritz, and Wexford Health Sources (Docs. 43 and 45). The motions seek summary judgment on the issue of exhaustion of administrative remedies. The Report and Recommendation was entered on May 23, 2018, and recommends denying the motion for summary judgment as to Defendant Martin (Doc. 43), granting the motion for summary judgment as to Defendant Shicker (Doc. 43), and denying the motion for summary judgment filed by Defendants Garcia, Ritz, and Wexford (Doc. 45) in its entirety. No objection to the Report and Recommendation was filed.

Plaintiff Darrell Warren ("Warren"), an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Illinois River Correctional Center, filed a

*pro se* lawsuit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights (Doc. 1). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Warren was permitted to proceed on the following claims:

> **Count 1 –** Eighth Amendment deliberate indifference claim against Dr. Coe for failing to treat Warren's severe pain caused by a tumor on his earlobe;
>
> **Count 2 –** Eighth Amendment deliberate indifference claim against Dr. Garcia and Dr. Ritz for denying permission for Warren to have surgery to remove the painful tumor;
>
> **Count 3 -** Eighth Amendment deliberate indifference claim against Dr. Martin and Dr. Shicker for failing to take any steps to assist Warren in getting treatment from Lawrence medical providers to relieve his pain;
>
> **Count 4 -** Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for setting the policy governing the treatment of tumors for prisoners in the IDOC, which resulted in the denial of Warren's request and Dr. Coe's referral for surgical removal of the tumor.

(Doc. 8, p. 6).

Defendants Martin, Shicker, Garcia, Ritz, and Wexford filed motions for summary judgment in April 2018, arguing that Warren failed to exhaust his administrative remedies prior to filing suit (Docs. 43 and 45). Warren filed responses in opposition to the motions (Docs. 49, 51, and 52). On May 23, 2018, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court, concluding that Warren exhausted his administrative remedies as to Defendants Martin, Garcia, Ritz, and Wexford, but failed to exhaust his administrative remedies as to Defendant Shicker.

Specifically, Magistrate Judge Wilkerson found that the language of the grievance was sufficient to put Martin (the Health Care Unit Administrator) on notice that the grievance implicated him. Conversely, Magistrate Judge Wilkerson found that Warren failed to exhaust as to Shicker because Warren failed to name Shicker even though Warren was aware of who he was and his role in the administration of medical services. As to Garcia and Ritz, Magistrate Judge Wilkerson found that Warren exhausted his administrative remedies against them because there is no evidence that Warren was aware of their involvement in the collegial review process. Magistrate Judge Wilkerson also found that Warren exhausted his administrative remedies as to Wexford because referencing the denial of surgery due to the collegial review process was sufficient to place Wexford on notice that Warren was complaining about that practice.

Objections to the Report and Recommendation were due on or before June 11, 2018. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). No objections were filed. Where neither timely nor specific objections to the Report and Recommendation are made, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has reviewed Magistrate Judge Wilkerson's Report and Recommendation and finds there is no clear error in his findings of fact or conclusions

of law. Accordingly, the Report and Recommendation (Doc. 58) is **ADOPTED** in its entirety. The motion for summary judgment filed by Defendants Shicker and Martin (Doc. 43) is **GRANTED in part** and **DENIED in part**. The motion is granted as to Defendant Shicker and denied as to Defendant Martin. Defendant Shicker is **DISMISSED without prejudice**. The Motion for Summary Judgment filed by Defendants Garcia, Ritz, and Wexford (Doc. 45) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED: June 21, 2018**

                                                **s/ Nancy J. Rosenstengel**
                                                **NANCY J. ROSENSTENGEL**
                                                **United States District Judge**